IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO: 6:12-cv-71-Orl-18GJK

CHRISTINE BAILEY,

    Plaintiff,

vs.

CITY OF DAYTONA BEACH SHORES,

    Defendant,
_____/

## COMPLAINT

Plaintiff, Christine Bailey, (hereinafter referred to as "Plaintiff" or "Bailey"), by and through her undersigned counsel, hereby files her Complaint naming the City of Daytona Beach Shores, a Florida municipal corporation, as Defendant, (hereinafter "Defendant" or "DBS"), pursuant to §29 U.S.C. §2601 *et seq*, the Family Medical Leave Act ("FMLA"), and all applicable law and regulations. In support thereof, Plaintiff alleges as follows:

### PARTIES AND JURISDICTION

1) The Court has jurisdiction pursuant to FMLA, §29 U.S.C. §2601 *et seq*.

2) At all times material to this lawsuit, Plaintiff was a fire inspector for the City of Daytona Beach Shores.

3) Defendant is an employer as defined by §29 U.S.C. §2611(4).

4) Defendant as a public agency meets the jurisdictional requirements of the FMLA pursuant to 29 C.F.R. §825.108. Moreover, Defendant employs fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each of twenty (20) or more calendar work weeks in the current or proceeding calendar year.

5) Plaintiff has been employed for at least twelve (12) months by Defendant immediately preceding his forced FMLA leave and Plaintiff worked at least 1,250 hours in the twelve (12) months immediately preceding his forced FMLA leave.

6) Plaintiff brings this action under the FMLA asserting that the Defendant has violated Plaintiff's FMLA rights pursuant to §29 U.S.C. §2615.

7) Plaintiff's claims also include violation of the Americans with Disabilities Act. Such claims are still pending before the EEOC and will be added upon the EEOC's completion of its review.

## GENERAL ALLEGATIONS

8) Plaintiff's employment began on December 1, 2008 and Plaintiff worked full time continuously until she was terminated on March 30, 2010.

9) Plaintiff was employed by Defendant as a fire inspector.

10) During her time of employment with DBS, Plaintiff never received any written reprimands.

11) Due to a medical condition, Plaintiff was unable to work from March 23, 2010 through March 31, 2010.

12) Plaintiff obtained a note from her physician stating that Plaintiff has a medical condition that will require treatment that prevents her from working from during this period of time.

13) Plaintiff provided the note from her physician to Defendant prior to taking such leave and requested medical leave.

14) Defendant approved Plaintiff's request for such medical leave.

15) Plaintiff suffered from a serious medical condition as defined by 29 C.F.R.

§825.113.

16) Defendant received notice that Plaintiff suffered from an FMLA qualifying event.

17) Defendant failed or refused to notify Plaintiff of her FMLA rights as required pursuant to 29 C.F.R. §825.300.

18) While on medical leave, Defendant's representative, Cheri Schwab, investigated Plaintiff's medical care and prescriptions by accessing her insurance submissions as Defendant is self insured and provided Plaintiff medical coverage as part of her employment with Defendant.

19) In doing so, Schwab discovered that Plaintiff was prescribed a medication that is classified as a narcotic.

20) Schwab thereafter shared this information with other City employees in violation of Plaintiff's FMLA rights as well as her HIPAA rights.

21) Schwab later admitted that the reason she investigated the narcotic was in part due to the fact that it was "very expensive."

22) On March 30, 2010, while Plaintiff was still out on medical leave, Defendant ordered Plaintiff to come to City Hall for a meeting.

23) During this meeting, Defendant confronted Plaintiff with her medical records showing that her physician had prescribed her a medication that is considered a narcotic while she was on leave.

24) Defendant demanded that Plaintiff disclose whether or not her physician had in fact prescribed her a medication while on medical leave.

25) Plaintiff acknowledged that her physician had prescribed her the particular medication.

26) At that time, Defendant stated that Plaintiff would be terminated for failing to

report this fact asserting that failing to report such information was a violation of the City's Drug Free Work Place Policy.

27)     Defendant then gave Plaintiff the option to either resign or be fired.

28)     Plaintiff resigned knowing that failing to do so would result in her immediate termination.

29)     Plaintiff has satisfied all conditions precedent to bringing this claim or such conditions have been waived.

## COUNT I
## INTERFERENCE WITH FMLA RIGHTS

30)     Plaintiff reasserts and reallages the allegations from Paragraph 1 through 29.

31)     Defendant terminated Plaintiff while on medical leave because she was taking a medication prescribed to her by her physician.

32)     Her physician prescribed her this medication to treat the medical condition that caused Plaintiff to take the medical leave.

33)     Terminating Plaintiff for taking this medication violates Plaintiff's FMLA rights.

34)     Such violation was willful as employer knew or showed reckless disregard for whether its conduct violated the FMLA.

35)     Pursuant to 29 U.S.C. § 2617, Plaintiff seeks damages for lost wages, salary, employment benefits and other compensation denied and/or lost by reason of Defendant's violations of the FMLA.

36)     Plaintiff seeks interest on the amounts previously described calculated at the highest rate permitted by law. All equitable relief as may be appropriate including reinstatement, liquated damages pursuant to 29 U.S.C. § 2617 equal to the amount of lost wages, salary, employment benefits and other compensation denied and/or lost. Plaintiff also seeks reasonable

attorney fees, expert witness fees and other costs associated with this action.

WHEREFORE, Plaintiff demands damages, interest, fees, costs, liquidated damages and other relief as set forth above and further relief that this Court deems equitable.

## COUNT II
## RETALIATION FOR EXERCISING FMLA RIGHTS

37) Plaintiff reasserts and reallages the allegations from Paragraph 1 through 29.

38) Plaintiff's termination is directly related to Plaintiff's medical leave.

39) Specifically, Plaintiff was notified by her physician that she would be unable to work from March 23, 2010 through March 31, 2010 while she was being treated for a medical condition.

40) Such treatment included the use of drugs to treat the condition.

41) Plaintiff was terminated because she was prescribed the medication required to treat her medical condition.

42) While on leave and taking the prescribed medication, Defendant confronted Plaintiff on whether she was taking such medication.

43) When Plaintiff acknowledged taking the medication as prescribed by her physician and while on medical leave, Defendant terminated Plaintiff.

44) Pursuant to 29 U.S.C. § 2617, Plaintiff seeks damages for lost wages, salary, employment benefits and other compensation denied and/or lost by reason of Defendant's violations of the FMLA.

45) Plaintiff seeks interest on the amounts previously described calculated at the highest rate permitted by law. All equitable relief as may be appropriate including reinstatement, liquated damages pursuant to 29 U.S.C. § 2617 equal to the amount of lost wages, salary, employment benefits and other compensation denied and/or lost. Plaintiff also seeks reasonable

attorney fees, expert witness fees and other costs associated with this action.

WHEREFORE, Plaintiff demands damages, interest, fees, costs, liquidated damages and other relief as set forth above and further relief that this Court deems equitable.

## DEMAND FOR TRIAL BY JURY

The Plaintiff and all others similarly situated demand trial by jury on all issues that may be tried before a jury as a matter of right.

DATED: January 17, 2012.

*PINCUS & CURRIER LLP*
*Counsel for Plaintiff*
324 North Lakeside Court
West Palm Beach, Florida 33407
Telephone:   561-868-1340
Facsimile:    561-366-1310
E-mail: rcurrier@wprclaw.com
E-mail: bpincus@wprclaw.com

By: _____
Romin N. Currier
Florida Bar No. 566985
William H. Pincus
Florida Bar No. 65595