UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTINE BAILEY,

    Plaintiff,

v.                                                     Case No.  6:12-cv-71-Orl-18TBS

CITY OF DAYTONA BEACH SHORES,

    Defendant.

## ORDER

Pending before the Court is Defendant, City of Daytona Beach Shores' Motion to Strike Plaintiff's Objections to Defendant's First Request to Produce, and Motion to Compel Better Response to Request to Produce and Motion for Sanctions (Doc. 35). Plaintiff has filed a response in opposition to the motion.  (Doc. 39).

I.     Background

Plaintiff was employed by Defendant as a fire inspector.  (Doc. 1, ¶ 9).  In March, 2010, Plaintiff received a note from her doctor, stating that she had a medical condition which required treatment and that would prevent her from working from March 23 through March 31, 2010.  (Doc. 1, ¶¶ 11 & 12).  Plaintiff gave the note to the Defendant before she went on medical leave and the Defendant approved her request for medical leave.  (Doc. 1, ¶¶ 13& 14).  While she was on medical leave, Defendant accessed her medical records and discovered that she had been prescribed a medication that is classified as a narcotic.  (Doc. 1, ¶¶ 14 & 18).  On March 30, 2010, Defendant terminated Plaintiff for an alleged violation of Defendant's drug free work place policy.  (Doc. 1, ¶¶ 8 & 26).

Following her termination, Plaintiff instituted State of Florida Division of Administrative Hearings Case No. 11-0972 against the Defendant. (Doc. 39-9). In that proceeding, Defendant attempted to introduce the names of Plaintiff's drug prescriptions and the restrictions associated with those drugs. (Id.) Petitioner objected, based upon the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the hearing officer asked the parties to brief the issue. (Id.) Defendant filed a motion for a HIPPA qualified protective order and order to disclose protected health information (PHI") in which it admitted that the information it sought to introduce in evidence was PHI as defined in 45 C.F.R. § 160.103 which "is generally not to be disclosed or used without the consent of the individual." (Doc. 39-1, ¶ 1). The Defendant argued that the PHI it wanted to use was admissible because it fell within the HIPPA exception for administrative hearings, 45 C.F.R. § 164.512(e). (Doc. 39-1, ¶ 2). The hearing officer disagreed. (Doc. 39-10). He held that Defendant's alleged need for the PHI did not outweigh the protection afforded by HIPPA or the prejudice to Plaintiff if the PHI was disclosed. (Id.)

Plaintiff instituted this lawsuit on January 18, 2012, alleging interference with her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., and for retaliation for exercising her FMLA rights. (Doc. 1). On June 26, 2012, Defendant propounded requests to produce to Plaintiff. (Doc. 35). The time within to respond expired without Plaintiff having responded or objected to the requests. (Id.) During an August conversation between counsel, Plaintiff promised to respond but the responses were not forthcoming. (Id.) On September 22, 2012, Plaintiff filed her

motion for partial summary judgment.  (Doc. 33).  Two days later, Defendant served a proposed motion to compel on Plaintiff.  (Doc. 35).  When she received the proposed motion, Plaintiff reviewed her file and served her responses to the request to produce that same day.  (Doc. 39).

Defendant filed this motion on the day before the deadline to complete discovery.  (Doc. 39).  The motion addresses Plaintiff's objections to requests 3, 5, 6, 7 and 8 and the sufficiency of Plaintiff's response to request 4.  (Doc. 35).  Plaintiff bases her objections on lack of relevancy, vagueness, the work product privilege, and the confidentiality afforded by HIPPA.  (Doc. 39-1).

The Defendant contends that by failing to timely interpose her objections, Plaintiff waived all of her objections to the request to produce.  Defendant also argues that Plaintiffs objections are otherwise not sustainable, she should be ordered to produce the documents and, as a sanction, she should be ordered to pay Defendant's costs and attorney's fees.  (Doc. 35).  Plaintiff says she has already produced all documents in her possession or control that are responsive to requests 2, 3 and 4.  (Doc. 39).  She argues that the Defendant "sat on its hands," and consequently, its waiver argument is "hypocritical at best."  (Id.)  She also argues that the documents she has not produced are privileged and confidential.  (Id.)  Finally, she says her medical records are protected by HIPPA, they do not come within any of the exceptions to HIPPA, and the Defendant has conceded it is not entitled to them absent a Court order.  (Id.)

II.     Discussion

Federal Rule of Civil Procedure 34(b)(2) provides that the recipient of a request to produce "must respond in writing within 30 days after being served." The Rule also provides that a party who objects to a request must state its objections and include the reasons for the objections. (Id.)

When a party objects on the basis of privilege, Rule 34 must be read in conjunction with Fed.R.Civ.P. 26(b)(5). A party claiming a privilege must "expressly make the claim" of privilege; and it must describe the documents in a manner that, "without revealing information itself privileged or protected, will enable other parties to assess the claim." (Id.) One method for doing this is the preparation of a privilege log. Plaintiff has not filed a privilege log. "The applicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document." Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984), cert. dismissed, 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985).

"There is substantial legal precedent supporting the general rule that if a party fails to respond in writing within thirty days of being served with a request for production of documents, it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure." Enron Corp. Savings Plan v. Hewitt Associates, L.L.C., 258 F.R.D. 149, 156 (S.D.Tex. 2009); Applied Systems, Inc. v. Northern Insurance Co. of New York, No. 97 C 1565, 1997 WL 639235 *2 (N.D.Ill. Oct. 7, 1997) (A party's failure to raise a timely objection to discovery requests may constitute a wavier of the objection, including the waiver of

-4-

objections based upon privilege.); Brenford Environmental Systtems, L.P. v. Pipeliners of Puerto Rico, Inc., 269 F.R.D. 143 (D.P.R. 2010) (A responding party that fails to make a timely objection may be found to have waived any objections.); Bank of Mongolia v. M & P Global Financial Services, Inc., 258 F.R.D. 514, 518 (S.D.Fla. 2009) (Defendant who failed to timely object to plaintiff's document requests and failed to respond to inquiries concerning the whereabouts of defendant's responses waived its objections.); and Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485 *3 (M.D.Fla. Dec. 7, 2011) (Party that does not assert objections to discovery within time permitted by rule, stipulation, or court order waives objections and is precluded from asserting objections in response to a motion to compel.).

Factors courts have considered in determining whether good cause exists to accept out of time objections include: "(1) the length of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether wavier would impose an excessively harsh result on the defaulting party." Enron Corp. Savings Plan v. Hewitt Associates, L.L.C., 258 F.R.D. at 157 (quoting Hall v. Sullivan, 231 F.R.D. 468, 474 (D.Md. 2005)).

Courts have concluded that there was no waiver for failing to timely object where there have been: "(1) minor procedural violations, good faith attempts at

complying, and some notice to the opposing party of the privilege objections; (2) where a party accidently fails to list a privileged document in a case involving voluminous documents; and (3) in other cases involving non-flagrant discovery violations where the requested documents are plainly protected by a privilege." Applied Systems, Inc. v. Northern Insurance Co. of New York, 1997 WL 639235 at *2.

Federal Rule of Civil Procedure 6(b)(1)(b) states that the time within to complete an act may be extended "on motion made after the time has expired if the party failed to act because of excusable neglect." The Plaintiff has not filed a motion to serve her overdue responses and she has not shown excusable neglect for her failure to comply with Rule 34. This by itself, is sufficient to find a waiver. Paralikas v. Mercedes Benz LLC, No. Cv 07-0918 (ERK)(WDW), 2008 WL 111186 *1 (E.D.N.Y. Jan. 9, 2008).

Despite having been served with the request to produce, and follow up by Defendant's counsel, Plaintiff failed to respond until approximately two months after her responses to the requests for production were due. This is not a minor procedural error. A delay of this length is sufficient to justify a finding of lack of good faith on Plaintiff's part and has been held sufficient to find a waiver. Ordoyne v. McDermott, Inc., No. CIV.A 9903456, 2000 WL 1154616 *1 (E.D.La. Aug. 14, 2000).

Plaintiff's only defense to the waiver argument is that Defendant unreasonably delayed in pursuing her compliance with its request for production. She cites APR Energy LLC v. Pakistan Power Resources, LLC, but her reliance on this case is misplaced. In APR, after very little analysis, the court concluded that a party's motion

to compel should not be denied based upon its delay in bringing the motion. No. 3:08-cv-961-J-25MCR, 2009 WL 2762064 *3 (M.D.Fla. Aug. 28, 2008). Plaintiff has not explained why the Defendant's delay in filing this motion should excuse her non-compliance with Rule 34.

Defendant's requests to produce are not excessively burdensome and Plaintiff has not provided any explanation why a finding of wavier in this case would impose a result upon her that is harsher than the result in other cases where the court has found a waiver, including a privilege waiver. Now, the Court finds that Plaintiff has waived her objections based upon relevancy, vagueness and the work product privilege.

This brings the Court to Plaintiff's assertion of HIPPA as a defense to production of her medical information. The Defendant acknowledges that the medical records it is requesting contain Plaintiff's PHI. Accordingly, HIPPA applies to the disclosure of the information. HIPPA does not create a privilege. <u>Northwestern Memorial Hospital v. Ashcroft</u>, 362 F.3d 923, 925-26 (7th Cir. 2004). What HIPPA creates is "a procedure for obtaining authority to use medical records in litigation." (<u>Id</u>.)

Plaintiff relies upon 45 C.F.R. § 164.504(f)(2)(ii)(C)[1] which states that a group health plan may "[n]ot disclose protected health information to the plan sponsor for the purpose of employment-related actions or decisions or in connection with any other benefit or employee benefit plan of the plan sponsor." Plaintiff reads this section to

---

[1] Plaintiff cites to 45 C.F.R. § 164.504(f)(ii)(C) however, the Court believes the correct cite is 45 C.F.R. § 164.504(f)(2)(ii)(C). The same error appears the in letter, Doc. 39-8.

-7-

mean the Defendant cannot use her PHI because this is an "employment-related action." The only authority Plaintiff cites in support of her argument is a letter from the Department of Health & Human Services, written in response to Plaintiff's complaint that Defendant misused her PHI. (Doc. 39-8). The letter does not constitute controlling authority and, based upon a plain reading of 45 C.F.R. § 164.504(f)(2)(ii)(C), the Court finds that it does not prohibit the use of Plaintiff's PHI in this case.

Although Defendant admits Plaintiff's medical records are PHI, it argues that they are discoverable without Plaintiff's authorization because they fall under the exception for judicial and administrative proceedings. 45 C.F.R. § 164.512(e). (Doc. 35). This is the same argument the hearing officer rejected in the administrative case. (Doc. 39-10). Plaintiff asserts that the exception does not apply because she says, the issue is whether she provided the Defendant with sufficient notice that she was suffering from a "serious health condition" as defined by the FMLA, prior to her March, 2010 hospitalization. (Doc. 39).

Under the FMLA, eligible employees who suffer from a "serious health condition that makes the employee unable to perform the functions of the position of such employee" may take up to 12 weeks of unpaid leave. 29 U.S.C. § 2612(a)(1)(D). "The term 'serious health condition' means an illness, injury, impairment, or physical or mental condition that involves--(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11).

Adequate notice to the employer is a prerequisite for an employee to take FMLA leave. Murphy v. FedEx Nat. LTL, Inc., 618 F.3d 893, 900 (8th Cir. 2010). In determining whether the employee gave adequate notice "[t]he critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition." Darboe v. Staples, Inc., 243 F.Supp.2d 5, 17 (S.D.N.Y. 2003) (quoting Brohm v. JH Props., Inc., 149 F.3d 517, 523 (6th Cir. 1998) (citations omitted).

Once the employee gives the employer the required notice, the "employer may require that a claim that an employee is unable to return to work because of the continuation, recurrence, or onset of the serious health condition . . . be supported by--(ii) a certification issued by the health care provider of the eligible employee, . . ." 29 U.S.C. § 2614(c)(3)(A)(ii). According to the Plaintiff, the note from her doctor which she gave to the Defendant, together with the Defendant's admission that she was hospitalized during the relevant period conclusively establishes that she was suffering from a serious health condition in March of 2010. (Doc. 39). Therefore, she concludes, she has not placed her medical condition at issue, her medical records are not relevant and they are not discoverable. (Doc. 39).

Under the FMLA, an employer "may" require certification of the employee's serious health condition, it is not mandatory and the statute does not provide any consequences for the employer's failure to do so. 29 U.S.C. § 2614(c)(3). Plaintiff has not cited any case which holds that where an employee gives a doctor's note to her employer, and the employer does not request additional certification, that the

-9-

employer has waived or is estopped from later challenging the employee's claim of a serious health condition. The scope of discovery is broad, this issue has not been sufficiently briefed by the parties, and it would be premature for the Court to make a decision on this matter. Accordingly, this issue is reserved for a later stage in the litigation.

The Court agrees with Plaintiff that to the extent the Defendant is requesting Plaintiff's PHI for any time after March 22, 2010, the Defendant's request is overbroad. Only Plaintiff's PHI which preceded the treatment of her alleged serious health condition is relevant and material, subsequent medical information, particularly records created months or years later, is not germane to this issue.

To the extent that Plaintiff is required to produce her PHI, it should be done pursuant to the safeguards provided by a protective order. 45 C.F.R. § 164.512(e) contemplates the entry of a "qualified protective order," to ensure the limited and proper disclosure of PHI. The Court will order production of Plaintiff's PHI on the terms contained in this Order.

Finally, Defendant challenges the sufficiency of Plaintiff's response to request number 4. In the request, Defendant asked for:

> All documents furnished to the Florida Agency for Workforce Innovation and/or the Florida Department of Economic Opportunity demonstrating your search for employment.

The Plaintiff answered this request as follows:

> Everything is done on line.

-10-

The Defendant believes this response is inadequate because it does not state unequivocally that Plaintiff does not have copies of the computer screens created when she performed job searches. (Doc. 35). Defendant also faults Plaintiff for not indicating whether she has copies of any letters, emails, or other communications which may exist and are relevant to this request. (Id.) In her response to Defendant's motion, the Plaintiff stated that she has already produced all documents in her possession or control that are responsive to requests 2, 3 and 4. (Doc. 39). The Court has no reason to question this representation and finds that it cures any complained of deficiency in Plaintiff's previous reply to request number 4.

Last is the issue of sanctions. Federal Rule of Civil Procedure states that if a motion to compel discovery is granted then:

> . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (Iii) other circumstances make an award of expenses unjust.

None of these exceptions apply to this dispute and the Defendant is entitled to recover from Plaintiff its reasonable attorney's fees and costs for prosecuting the

instant motion.

Now, it is ORDERED that the Defendant's motion is GRANTED in part and DENIED in part as follows:

(1) The Plaintiff's objections that requests number 6, 7 and 8 contained in Defendant's Request to Produce propounded June 26, 2012 are overbroad to the extent they seek information after March 22, 2010 are SUSTAINED. In all other respects, these objections are OVERRULED and STRICKEN.

(2) The Plaintiff shall produce all of the information requested by Defendant in its Request to Produce propounded June 26, 2012, with the exception of Plaintiff's PHI for the period subsequent to March 22, 2010.

(3) The Defendant and its counsel are PROHIBITED from using or disclosing Plaintiff's PHI for any purpose other than this litigation.

(4) At the conclusion of this litigation, the Defendant and its counsel shall return to Plaintiff all of her PHI or destroy the PHI and so certify to Plaintiff in writing.

(5) None of Plaintiff's PHI shall be disclosed to anyone except:

    (a) Counsel for the Defendant;

    (b) Support personnel who work in Defendant's counsel's law firm and who actually work on this case;

    (c) Experts retained for the defense of Plaintiff's claims in this case;

    (d) The Court. When PHI is filed with the Court it shall be designated as PHI and sealed.

(6) Plaintiff's PHI may only be used:

   (a) By Defendant's experts in formulating their opinions and testifying in this case.

   (b) During depositions taken in this case. If Plaintiff's PHI becomes an exhibit to a deposition then it shall be sealed.

   (c) At hearings and the trial of this case.

 (7) None of the Plaintiff's PHI shall be copied in whole or in part, except for use in this case.

 (8) To the extent she has not already done so, Plaintiff shall produce all of the documents requested by the Defendant, which the Court has found are discoverable, within 14 days from the rendition of this Order.

 (9) Within 14 days from the rendition of this Order, the parties shall agree upon the amount of attorney's fees and costs to be awarded to the Defendant or the Defendant shall file its application for fees and costs following which the Plaintiff shall have 14 days to respond.

 IT IS SO ORDERED.

 DONE AND ORDERED in Orlando, Florida, on October 23, 2012.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel