UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTINE BAILEY,

      Plaintiff,

v.                                          Case No:  6:12-cv-71-Orl-18TBS

CITY OF DAYTONA BEACH SHORES,

      Defendant.

_____

## ORDER

      Pending before the Court is Defendant, City of Daytona Beach Shores' Motion to Compel Responses to Defendant's First Set of Interrogatories.  (Doc. 36).  Plaintiff has filed a response in opposition to the motion.  (Doc. 41).

## I.  Background

      Plaintiff was employed by Defendant as a fire inspector.  (Doc. 1, ¶ 9).  In March, 2010, Plaintiff received a note from her doctor, stating that she had a medical condition which required treatment and that would prevent her from working from March 23 through March 31, 2010.  (Doc. 1, ¶¶ 11 & 12).  Plaintiff gave the note to the Defendant before she went on medical leave and the Defendant approved her request for medical leave.  (Doc. 1, ¶¶ 13& 14).  While she was on leave, Defendant accessed her medical records and discovered that she had been prescribed a medication that is classified as a narcotic.  (Doc. 1, ¶¶ 14 & 18).  On March 30, 2010, Defendant terminated Plaintiff for an alleged violation of Defendant's drug free work place policy.  (Doc. 1, ¶¶ 8 & 26).

      Following her termination, Plaintiff instituted State of Florida Division of Administrative Hearings Case No. 11-0972 against the Defendant.  (Doc. 39-9).  In that

proceeding, Defendant attempted to introduce the names of Plaintiff's drug prescriptions and the restrictions associated with those drugs.  (Id.).  Petitioner objected, based upon the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the hearing officer asked the parties to brief the issue.  (Id.).  Defendant filed a motion for a HIPPA qualified protective order and order to disclose protected health information (PHI") in which it admitted that the information it sought to introduce in evidence was PHI as defined in 45 C.F.R. § 160.103 and which "is generally not to be disclosed or used without the consent of the individual."  (Doc. 39-1, ¶ 1).  The Defendant argued that the PHI it wanted to use was admissible because it fell within the HIPPA exception for administrative hearings, 45 C.F.R. § 164.512(e).  (Doc. 39-1, ¶ 2).  The hearing officer disagreed.  (Doc. 39-10).  He held that Defendant's alleged need for the PHI did not outweigh the protection afforded by HIPPA or the prejudice to Plaintiff if the PHI was disclosed.  (Id.)

Plaintiff instituted this lawsuit on January 18, 2012, alleging interference with her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.,* and for retaliation for exercising her FMLA rights.  (Doc. 1).  On June 26, 2012, Defendant served Plaintiff with its first set of Interrogatories.  (Doc. 36).  Plaintiff responded to Defendant's requests on August 8, 2012.  (Id.).  Defendant filed this motion the day discovery ended.  (Doc. 17).  The motion addresses Plaintiff's responses to interrogatories 4, 5, 9, 11, and 12.  (Doc. 36).  Plaintiff contends that Defendant has waived its right to compel discovery because Defendant waited two months after Plaintiff provided its responses to file its motion.  (Doc. 41).  Plaintiff bases her other objections on harassment, lack of relevancy, overbreadth, and the confidentiality afforded by HIPPA.  (Id.).   In addition, Plaintiff

maintains that she has already provided all relevant information for interrogatories 4, 5, and 11.  (Id.).

## II.    Discussion

Parties may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Courts interpret relevancy broadly "to encompass any matter that bears on, or that reasonable could lead to other matter[s] that could bear on, any issue that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).   The party seeking discovery has the threshold burden of demonstrating that the discovery requested is relevant. Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485 *2 (M.D. Fla. Dec. 7, 2011).

"The discovery process is designed to fully inform the parties of the relevant facts involved in their case." U.S. v. Pepper's Steel & Alloys, Inc., 132 F.R.D. 695, 698 (S.D. Fla. 1990) (referencing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). "[A] party demanding discovery is required to set forth its requests simply, directly, not vaguely or ambiguously . . . ." Treister v. PNC Bank, No. 05-23207-CIV, 2007 WL 521935 at *2 (S.D. Fla. Feb. 15, 2007). "It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to discovery of admissible evidence." Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 616 (5th Cir. 1977)[1]; Fed. R. Civ. P. 26(b).

Rule 33 limits each party to "no more than 25 written interrogatories, including all discrete subparts," and directs that each interrogatory be answered "separately and fully in writing under oath." Fed. R. Civ. P. 33(a)(1), (b)(3).  An opposing party must

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

state its grounds for objection with specificity.  Fed. R. Civ. P. 33 (b)(4). Upon motion, the

court may compel a party to answer the interrogatories.  Fed. R. Civ. P. 37; <u>Dollar v.</u>

<u>Long Mfg., N.C., Inc.</u>, 561 at 617.  If the motion to compel is granted, the court must

direct the party whose conduct necessitated the motion, "or the attorney advising that

conduct, or both," to compensate the movant for "reasonable expenses incurred in

making the motion, including attorney's fees," except in certain limited circumstances. <u>Id.</u>

at (a)(5)(A).

     Plaintiff first argues that Defendant's motion should be denied because Defendant

delayed filing its motion to compel until nearly two months after receiving Plaintiff's

responses to the interrogatories.  Defendant offers no explanation in its motion for its

delay in filing the motion to compel.  After a review of the docket, it appears Defendant

spent most of August and September trying to obtain a response from Plaintiff to its first

request for production.  (Doc. 45).  Plaintiff did not respond to Defendant's request until

September 22, 2012, 12 days before Defendant filed its motion to compel production

(Doc. 35) and 14 days before Defendant filed this motion.  Given the similarity of the

motions and that Defendant filed them in proximity to each other, and with the

understanding that dispositive motions are not yet due, the circumstances do not warrant

a denial of Defendant's motion to compel for delay.  <u>See</u> <u>Hinson v. Clinch County,</u>

<u>Georgia Bd. Of Educ.</u>, 231 F.3d 821, 826 (11th Cir. 2000) (holding that a district court did

not abuse its discretion in denying party's motion to compel due to delay in not bringing

motion until after parties had  briefed dispositive motions).

     Next, the Court analyzes the interrogatories and the Plaintiff's responses.

Interrogatory # 4

> List the names and business addresses of all other
> physicians, medical facility or other health care providers by
> whom or at which you have been examined or treated in the
> past 10 years; and state as to each the dates of examination
> or treatment and the condition or injury for which you were
> examined or treated.

Plaintiff's Response # 4

> Plaintiff objects to this request as harassing. Plaintiff further
> objects as such request seeks information that is irrelevant
> and not reasonably calculated to lead to the discovery of
> admissible evidence. Plaintiff has filed the instant lawsuit
> alleging that the City violated her FMLA rights. Plaintiff has
> already provided the City with a note from her physician
> notifying the City of Plaintiff's need to take leave on the week
> of March 21, 2010. Plaintiff has identified this physician as
> well as the facility in which it was located. During the
> depositions of the multiple employees of the City, they
> acknowledged receipt of the notice which identified both the
> physician as well as the facility. Thus, all physicians and
> facilities that have any relevance to his claim have already
> been identified and discussed at length.

> Moreover, the City has already admitted that Plaintiff was an
> eligible employee. The City merely disputes that Plaintiff
> suffered from a serious health condition. None of the
> information sought in this interrogatory will assist in
> investigating this issue. Moreover, the City's sworn testimony
> is that its entire basis for terminated Plaintiff was for receiving
> prescription medications that the City learned of only after
> violating her Federal HIPPA Rights. Plaintiff's medical history
> for the past 10 years will not assist the City in discovering
> whether or not its bases for her termination was a legitimate,
> non discriminatory basis.

Analysis:

Defendant asserts that Plaintiff should be compelled to answer this interrogatory

because she placed her medical condition "at issue" by putting Defendant on notice of her

condition and requesting leave under the FLMA.  Plaintiff argues that: (1) Defendant

waived its right to question Bailey's FMLA qualifications by failing to inquire into her

condition in March of 2010; (2) she did not place her medical condition at issue because the only issue is whether she suffered from a "serious health condition," which is objectively defined in the Act; (3) she already disclosed any and all information that could be reasonably calculated to lead to the discovery of admissible evidence; and (4) HIPAA bars the City from disclosing "Protected Health Information" ("PHI").  (Doc. 41).

The Court has addressed this issue in its previous Order granting in part Defendant's motion to compel production.  (Doc. 45).  This Court will not decide, at this time, whether the Defendant waived its right to question Plaintiff's "serious health condition."  The issue before the Court concerns the Defendant's right to discover information, not whether that information will ultimately prove to be relevant and material to the resolution of this dispute.

Under the FMLA, eligible employees who suffer from a "serious health condition that makes the employee unable to perform the functions of the position of such employee" may take up to 12 weeks of unpaid leave.  29 U.S.C. § 2612(a)(1)(D).  "The term 'serious health condition' means an illness, injury, impairment, or physical or mental condition that involves--(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider."  29 U.S.C. § 2611(11).

Adequate notice to the employer is a prerequisite for an employee to take FMLA leave.  Murphy v. FedEx Nat. LTL, Inc., 618 F.3d 893, 900 (8th Cir. 2010).  When determining whether the employee gave adequate notice "[t]he critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition."  Darboe v. Staples, Inc., 243 F.Supp.2d 5, 17 (S.D.N.Y. 2003) (quoting Brohm v. JH Props., Inc., 149 F.3d

517, 523 (6th Cir. 1998) (citations omitted).

Once the employee gives the employer the required notice, the "employer may require that a claim that an employee is unable to return to work because of the continuation, recurrence, or onset of the serious health condition . . . be supported by--(ii) a certification issued by the health care provider of the eligible employee, . . ." 29 U.S.C. § 2614(c)(3)(A)(ii).  Plaintiff argues that her act of giving a note from her doctor to the Defendant, combined with the Defendant's admission that she was hospitalized during the relevant period, establishes that she was suffering from a serious health condition in March of 2010.  (Doc. 41).  On this basis, she concludes that she has not placed her medical condition at issue and any materials other than the ones already provided are not relevant, nor discoverable.  (Id.).  Conversely, Defendant's affirmative defenses include both that Plaintiff did not provide sufficient notice for purposes of the FLMA and that Plaintiff's condition did not qualify as a serious health condition under the FLMA.  (Doc. 7 ¶¶ 47-52).

Under the FMLA, an employer "may" require certification of the employee's serious health condition, but it is not mandatory and the statute does not provide any consequences for the employer's failure to do so.  29 U.S.C. § 2614(c)(3).  Plaintiff has not cited any case holding that an employer waives its right to challenge an employee's allegation of a serious health condition when that employee gives a doctor's note to her employer and the employer does not request additional certification. The scope of discovery is broad, this issue has not been sufficiently briefed by the parties, and it would be premature for the Court to rule on this matter.  Accordingly, Plaintiff's objection that

Defendant has waived its right to challenge whether she had a serious health condition is **OVERRULED**.

This brings the Court to Plaintiff's assertion of HIPPA as a ground for not answering the interrogatories.  While HIPPA applies to the disclosure of PHI, it does not create a privilege.  <u>Northwestern Memorial Hospital v. Ashcroft</u>, 362 F.3d 923, 925-26 (7th Cir. 2004).  What HIPPA creates is "a procedure for obtaining authority to use medical records in litigation."  (<u>Id</u>.)

Plaintiff relies upon 45 C.F.R. § 164.504(f)(2)(ii)(C)[1] which states that a group health plan may "[n]ot disclose protected health information to the plan sponsor for the purpose of employment-related actions or decisions or in connection with any other benefit or employee benefit plan of the plan sponsor."  Plaintiff reads this section to mean the Defendant cannot use her PHI because this is an "employment-related action."  The only authority Plaintiff cites in support of her argument is a letter from the Department of Health & Human Services, written in response to Plaintiff's complaint that Defendant misused her PHI.  (Doc. 41-5).  The letter does not constitute controlling authority and based upon a plain reading of 45 C.F.R. § 164.504(f)(2)(ii)(C) the Court finds that it does not prohibit the use of Plaintiff's PHI in this case.

Still, the Court agrees with Plaintiff that some of the information sought by Interrogatory #4 is overbroad.  The only relevant information pertains to Plaintiff's serious health condition up to March 22, 2010.  Therefore, Plaintiff shall only provide Defendant with the names and addresses of the physicians, medical facilities, and other health care providers who treated Plaintiff for her serious health condition prior to March 22, 2010.

---

[1] Plaintiff cites to 45 C.F.R. § 164.504(f)(ii)(C) however, the Court believes the correct cite is 45 C.F.R. § 164.504(f)<u>(2)</u>(ii)(C).  The same error appears the in letter, Doc. 39-8.

To the extent that answering this interrogatory requires Plaintiff to produce her PHI, the PHI shall be safeguarded by a protective order. 45 C.F.R. § 164.512(e) contemplates the entry of a "qualified protective order," to ensure the limited and proper disclosure of PHI. The Court will order the disclosure of Plaintiff's PHI only on the terms stated in this Order.

Interrogatory # 5

> Please state whether any physician has prescribed medications to you for any mental disorder, including but not limited to behavior, emotional, or cognitive disorders or stress, in the last 10 years. If so, identify each disorder with which you have been diagnosed, the physician that made the diagnosis, and medications that were prescribed to treat the symptoms of the disorder.

Plaintiff's Response # 5

> Plaintiff objects to this request as harassing. Plaintiff further objects that such request seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has filed the instant lawsuit alleging the City violated her FMLA Rights. The FMLA does not provided relief for any pain and suffering nor is the Plaintiff alleging any mental anguish or disorders relating to her termination. Moreover, the City's sworn testimony is that its entire bases for terminating Plaintiff was for receiving prescription medication that the City learned of only after violating her Federal HIPAA Rights. Plaintiff's medical history for the past 10 years will not assist the City in discovering whether or not its bases for her termination was a legitimate, nondiscriminatory basis. The City is not entitled to such medical information as a matter of Federal HIPPA law and any attempts to back door access to such information through such discovery requests is hereby rejected by Plaintiff.

Analysis:

The parties make the same arguments concerning this interrogatory. Plaintiff's objections are **SUSTAINED** except as to information concerning her serious health condition which information existed prior to March 22, 2010.

Interrogatory # 9

> Please state if you have ever been a party, either Plaintiff or Defendant, in a lawsuit other than the present matter, and if so, state whether you were Plaintiff or Defendant, the nature of the action, and the date and court in which such suit was filed.

Plaintiff's Response # 9

> Bailey objects to this request as overbroad as to time and vague as to lawsuit. In the last 10 years, Bailey has been a party to one lawsuit. See below for details:
>
> Plaintiff, sexual harassment; Suit was filed in Broward Circuit Civil Court, in or around 2004.

Analysis:

Plaintiff's objections to this interrogatory are ineffective as Plaintiff has already answered the interrogatory.  Anything before the last ten years is overbroad in scope, and Plaintiff has otherwise provided the requested information.  Defendant's motion to compel a better response to Interrogatory # 9 is **DENIED**.

Interrogatory # 11

> Are you alleging that the City of Daytona Beach Shores discriminated or retaliated against you because you engaged in activity protected by the Family and Medical Leave Act? If yes, state with particularity:
>
> (b) If the activity was availing yourself of leave because of a serious health condition, the condition that made you unable to perform the duties of your assigned position, the names and addresses of all treating health care providers who diagnosed the condition, and the date the condition was diagnosed;

Plaintiff's Response # 11

> Bailey objects to this request to the extent the City seeks information protected under Bailey's Federal HIPPA rights.

- 10 -

> Without waiving her objections, Bailey was under the
> continuing care of her health care provider during the relevant
> time period. Specifically, Bailey provided the City with a letter
> from Dr. Delichi Haynes, Family First Health Center, 1898 S.
> Clyde Morris Blvd., Daytona Beach, FL 32119-1579;
> Telephone: 386-492-1064. A copy of the letter which has been
> previously provided on multiple occasions is attached hereto
> as Exhibit A. Moreover, Bailey was hospitalized from March
> 23, 2010 until March 27, 2010, at Florida Hospital Deland
> under the care of Dr. Kaden, 701 W. Plymouth Ave., Deland,
> FL 32720. (386) 943-4522. A copy of the discharge paperwork
> which has been provided on multiple occasions is attached
> hereto as Exhibit B.

Analysis:

The parties repeat their same arguments once again.  In addition, Defendant complains that Plaintiff did not attach any exhibits to her answer as stated in her response.  Plaintiff has attached the exhibits to her response to Defendant's motion. (Doc. 41, 41-2, 41-4).  Plaintiff's objections are **SUSTAINED** except as to information concerning her serious health condition which information existed prior to March 22, 2010.  There is no need for Plaintiff to produce the exhibits again.

Interrogatory # 12

> Please state whether you have ever declared bankruptcy and,
> if so, the court in which the action was filed.

Plaintiff's Response # 12

> Bailey objects to this request as it overbroad in scope. Bailey
> further objects that such request seeks information that is
> irrelevant and not reasonably calculated to lead to the
> discovery of admissible evidence.

> Without waiving her objections, Bailey has not filed bankruptcy
> seven (7) years.

Plaintiff argues that although the request is overbroad, she has nonetheless complied with the interrogatory and provided the information it seeks.  While Plaintiff's

response is limited to the last seven years, the Court finds this is a sufficient time frame. However, Plaintiff has not fully answered the interrogatory because she has not identified the court in which her bankruptcy case was filed.  Accordingly, Plaintiff shall supplement her response to Interrogatory # 12 with the name of the court in which she filed her bankruptcy case.

The award of attorney's fees and legal expenses is not warranted in these circumstances.

The Defendant and its counsel are **PROHIBITED** from using or disclosing Plaintiff's PHI, disclosed in response to Defendant's interrogatories, for any purpose other than this litigation.  At the conclusion of this litigation, the Defendant and its counsel shall return to Plaintiff all of her PHI or destroy the PHI and so certify to Plaintiff in writing. None of Plaintiff's PHI shall be disclosed to anyone except:

(1)  Counsel for the Defendant;

(2)  Support personnel who work in Defendant's counsel's law firm and who actually work on this case;

(3)  Experts retained for the defense of Plaintiff's claims in this case;

(4)  The Court.  When PHI is filed with the Court it shall be designated as PHI and sealed.

(5)  Plaintiff's PHI, disclosed in response to these interrogatories, may only be used:

(a)  By Defendant's experts in formulating their opinions and testifying in this case.

(b)  During depositions taken in this case.  If Plaintiff's PHI is disclosed during a deposition then it shall be sealed.

(c)  At hearings and the trial of this case.

To the extent she has not already done so, Plaintiff shall provide the information compelled in this Order within the next 14 days.

**IT IS SO ORDERED**.

**DONE** and **ORDERED** in Orlando, Florida on the 30th day of October, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record