UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTINE BAILEY,

      Plaintiff,

v.                                                                     Case No.  6:12-cv-71-Orl-18TBS

CITY OF DAYTONA BEACH SHORES,

      Defendant.

_____

ORDER

Pending before the Court are:

(1)     Motion for Reconsideration on Order Granting City's Motion to Compel Better Responses to Requests to Produce and Motion for Sanctions and Motion for Clarification on Order Granting Better Responses to Interrogatories (Doc. 55);

(2)     Motion for Enlargement of Time to Comply with Court Orders (Doc. 56);

(3)     Defendant, City of Daytona Beach Shores' Memorandum in Opposition to Plaintiff's Motion for Reconsideration (Doc. 62); and

(4)     Motion for Leave to File Reply to City's Response to Bailey's Motion for Reconsideration (Doc. 63).

On October 23, 2012, this Court entered its Order on Defendant, City of Daytona Beach Shores' Motion to Strike Plaintiff's Objections to Defendant's First Request to Produce, and Motion to Compel Better Response to Request to Produce and Motion for Sanctions.  (Doc. 45).  Among other things, the Court ordered Plaintiff to produce her protected health information ("PHI") for the period ending March 22, 2010, subject to the Court's qualified protective order which is intended to ensure the

limited and proper disclosure of Plaintiff's PHI.  Plaintiff was given 14 days to comply with this Order.  The Court also awarded the Defendant its reasonable attorneys' fees and costs in connection with the motion, with the amounts to be determined by agreement of the parties and if they are unable to agree, by the Court.

On October 31, 2012, this Court entered its Order on Defendant, City of Daytona Beach Shores' Motion to Compel Responses to Defendant's First Set of Interrogatories.  (Doc. 46).  The Court ordered Plaintiff to supplement her responses to certain of the Defendant's interrogatories to provide information concerning Plaintiff's serious health condition that existed prior to March 22, 2010.  The Court also ordered Plaintiff to disclose the name of the court in which she previously filed bankruptcy.  Plaintiff was given 14 days to comply with this Order.

Plaintiff reports that she has obtained responsive medical records from three physicians.  (Doc. 55).  She says the records outline her medical conditions, including conditions that have nothing to do with this case.  (Id.)  Now, she is asking the Court to reconsider its order that she disclose her PHI because in summary judgment practice, the Defendant has not disputed that Plaintiff was suffering from a serious health condition when she took leave from her employment with the Defendant.  (Doc. 55).  Alternatively, Plaintiff proposes to furnish a Family Medical Leave Act certification form in lieu of producing her medical records.  (Id.)  As a final alternative, Plaintiff seeks leave of Court to redact her medical records so that they only disclose information that is responsive to the Defendant's interrogatories 4, 5 and 11.  Those interrogatories generally ask for the identity of health care providers who have treated

-2-

Plaintiff; when she was treated; what conditions she was treated for; whether Plaintiff was diagnosed with any mental disorders and if so, what medications were prescribed; the serious health condition that made Plaintiff unable to perform the duties of her employment; the identity of the health care providers who made the diagnoses, and the date the condition was diagnosed.  (Doc. 36).  The Defendant objects to this relief.

Upon due consideration, the Court GRANTS Plaintiff's motion in part.  Before producing her PHI, Plaintiff may redact the information which is unrelated to her claimed serious health condition.  She is only required to produce that PHI which concerns or relates to the serious health condition which she alleges prevented her from working from March 23 through March 31, 2010.

Plaintiff seeks clarification of the Court's order that she disclose the name of the court in which she filed bankruptcy.  The Defendant objects.  Upon due consideration, the Court GRANTS Plaintiff's motion.  If Plaintiff did not file bankruptcy within the seven years preceding her answer to Defendant's interrogatory number 11 then she need not supplement her answer.  If Plaintiff did file bankruptcy within that seven year period then she must provide the name of the court in which her case was filed.

Plaintiff asks the Court to reconsider its decision awarding the Defendant fees and costs in connection with this discovery dispute.  This part of the Plaintiff's motion is DENIED.  None of the exceptions to the award of sanctions under Fed. R. Civ. P. 37 applies.

Next, Plaintiff requests an extension of time, until after the Court rules on her motion for reconsideration, within to comply with the Court's Orders, Docs. 45 and 46. Upon due consideration, the motion is GRANTED.  Plaintiff shall comply with both discovery orders by the close of business on Friday, December 7, 2012.

Finally, Plaintiff seeks leave of Court to file a reply to the Defendant's response to Plaintiff's motion for reconsideration.  That motion is DENIED as moot.

With the exception of the relief granted above, the Plaintiff's motions are DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on December 3, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel