UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTINE BAILEY,

    Plaintiff,

v.                                                    Case No: 6:12-cv-71-Orl-18TBS

CITY OF DAYTONA BEACH SHORES,

    Defendant.

## ORDER

Pending before the Court is Defendant, City of Daytona Beach Shores', Application for Fees (Doc. 53) and Plaintiff Christine Bailey's Amended Motion for Enlargement of Time to Respond to Defendant's Motion for Summary Judgment and Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment. (Doc. 76). Each party has filed a response to their opponent's motion. (Docs. 74, 80). On January 18, 2013, the Court held a hearing on these matters, the record of which is incorporated herein.

### I. Background

Plaintiff was employed by Defendant as a fire inspector. (Doc. 1, ¶ 9). In March, 2010, Plaintiff received a note from her doctor, stating that she had a medical condition which required treatment and that would prevent her from working from March 23 through March 31, 2010. (Doc. 1, ¶¶ 11 & 12). Plaintiff gave the note to Defendant before she went on medical leave and Defendant approved her request for medical leave. (Doc. 1, ¶¶ 13& 14). While Plaintiff was on medical leave, Defendant accessed her medical records and discovered that she had been prescribed a medication that is classified as a

narcotic. (Doc. 1, ¶¶ 14 & 18). On March 30, 2010, Defendant terminated Plaintiff for an alleged violation of Defendant's drug free work place policy. (Doc. 1, ¶¶ 8 & 26).

Following her termination, Plaintiff instituted State of Florida Division of Administrative Hearings Case No. 11-0972 against Defendant. (Doc. 39-9). In that proceeding, Defendant attempted to introduce the names of Plaintiff's drug prescriptions and the restrictions associated with those drugs. (Id.). Petitioner objected, based upon the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the hearing officer asked the parties to brief the issue. (Id.). Defendant filed a motion for a HIPPA qualified protective order and order to disclose protected health information (PHI") in which it admitted the information it sought to introduce in evidence was PHI as defined in 45 C.F.R. § 160.103 which "is generally not to be disclosed or used without the consent of the individual." (Doc. 39-1, ¶ 1). Defendant argued that the PHI it wanted to use was admissible because it fell within the HIPPA exception for administrative hearings, 45 C.F.R. § 164.512(e). (Doc. 39-1, ¶ 2). The hearing officer disagreed. (Doc. 39-10). He held that Defendant's alleged need for the PHI did not outweigh the protection afforded by HIPPA or the prejudice to Plaintiff if the PHI was disclosed. (Id.).

Plaintiff filed this action on January 18, 2012, alleging interference with her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.,* and for retaliation for exercising her FMLA rights. (Doc. 1).

## II.   Attorney Fees

On October 23, 2012, this Court entered its Order on Defendant, City of Daytona Beach Shores' Motion to Strike Plaintiff's Objections to Defendant's First Request to Produce, and Motion to Compel Better Response to Request to Produce and Motion for Sanctions. (Doc. 45). Defendant sought to compel responses to its requests for

production numbered 2, 3, 4, 5, 6, 7, and 8. The Court held that Plaintiff had already produced all documents responsive to Defendant's requests for production 2, 3, and 4, but ordered Plaintiff to produce her PHI for the period ending March 22, 2010 in response to requests 6, 7, and 8, subject to the Court's qualified protective order which is intended to ensure the limited and proper disclosure of Plaintiff's PHI. Plaintiff was given 14 days to comply with the Order. The Court also granted Defendant's motion to compel request for production number 5 and awarded Defendant its reasonable attorneys' fees and costs in connection with the motion. Defendant filed its application for fees on November 6, 2012, seeking an award of $1,201 for 7.7 hours worked at a rate of $155 per hour and .1 hour worked at a rate of $75 per hour. Plaintiff does not dispute the reasonableness of these hourly rates or the hours claimed. Plaintiff only objects to the amount sought on the ground that Defendant's motion to compel was only partially successful.

In the Eleventh Circuit, courts use the lodestar approach to determine reasonable attorney fees. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. Kenny A. ex. rel. Winn v. Perdue, 532 F.3d 1209, 1219 (11th Cir. 2008). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). The fee applicant can satisfy its burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Chemische Fabrik Budenheim KG v. Bavaria Corp. Intern., No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 * 4 (M.D. Fla. Jan. 6, 2010). Once the Court has determined the lodestar, it may adjust the amount

upward or downward based upon a number of factors, including the results obtained. Norman, 836 F.2d at 1302.

Having considered Plaintiff's position that the hourly rates charged and amount of time claimed are reasonable, as well as the experience of the attorney, the location of his practice, the Court's knowledge of market rates in Central Florida, and the affidavits attached to Defendant's application, I find that the requested hourly rates and hours expended on the motion are objectively reasonable.

Plaintiff argues that Defendant's recovery should be pro-rated by only awarding the portion of Defendant's fee that is representative of the amount of success Defendant achieved. Because Defendant's motion to compel was only truly successful on one of Defendant's seven requests, Plaintiff suggests the Court divide Defendant's fee request of $1,201 by 7 and award Defendant $171.57 to accurately reflect Defendant's achievement. This approach ignores that Defendant's motion to compel responses to requests for production 6, 7, and 8 was also in large measure granted. Contrary to Plaintiff's position, Defendant succeeded on the majority of its motion. Still, the Court does consider the results obtained when awarding attorney's fees. Bivins v. Wrap It Up, Inc., 380 F. App'x 888, 890 (11th Cir. 2010) (citing Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir. 1974)). Because Defendant did not completely succeed on its motion to compel production a reduction is appropriate. In this case, the Court finds this is best handled by making a 25% across the board reduction. Accordingly, Plaintiff shall pay Defendant $900.75 in attorney's fees for the time Defendant spent on its motion to compel.

### III. Extension of Time

On September 22, 2012, Plaintiff filed her motion for partial summary judgment,

which is still pending before the Court. (Doc. 33). Defendant filed its response in the form of its own motion for summary judgment on November 5, 2012. (Doc. 49). Plaintiff has yet to file her response to Defendant's motion, because she objects to Defendant's use of her PHI in the motion. Plaintiff has filed a motion to strike her PHI from Defendant's motion and that matter is still pending. (Doc. 75). Plaintiff asked the Court to extend the time for her to file her response until 15 days from the date of issuance of the Court's Order on her motion to strike. At the hearing, Plaintiff recognized that this case is set for trial on the Court's April 1 trial docket and that her requested extension is not feasible. Therefore, she requested until February 11, 2013 to file her response to Defendant's motion for summary judgment, with the understanding that if granted, this extension will not affect any other date or deadline in the case. Defendant does not object to this request. Upon due consideration, Plaintiff's modified motion is **GRANTED**. Plaintiff shall file her response to Defendant's motion for summary judgment no later than February 11, 2013 or 15 days from the issuance of the Court's Order on Plaintiff's motion to strike, whichever comes first.

    **ORDERED** in Orlando, Florida on January 23, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record